FILED
U.S. DISTRICT COURT
W.D.N.Y. ROCHESTER

2005 OC -4  PM 4: 17

-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HERBY CABRERA, 96-A-7787,

        Plaintiff,

  -v-

Superintendent MCGINNIS,
C.O. JAYNE, C.O. COLEMAN,
C.O. PIERSON, C.O. BLOW,
C.O. VANDERGRIFT,
Sergeant RAUB, Sergeant WETZEL,
and Doctor ALVES,

        Defendants.

DECISION AND ORDER
05-CV-6008P

---

## INTRODUCTION

Plaintiff Herby Cabrera, an inmate of the Southport Correctional Facility, filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1). He has now filed a complete application to proceed *in forma pauperis* with a signed Authorization (Docket No.7). Plaintiff claims that the defendants, Superintendent McGinnis, Doctor Alves, Sergeants Raub and Wetzel, and Correctional Officers Jayne, Coleman, Pierson, Blow, and Vandergrift, violated his constitutional rights. He claims that he has been denied adequate medical care, assaulted, subjected to retaliation and mishandling of his grievances, and denied permission to visit his grandmother before her death and to attend her funeral. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless he files an amended complaint as directed below, several of plaintiff's claims will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## PLAINTIFF'S ALLEGATIONS

Much of plaintiff's complaint does not conform to Rule 8(a)(2) of the Federal Rules of Civil Procedure. That rule requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under Rule 8(a)(2), the complaint "should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, although plaintiff may be able to raise constitutional claims against some, if not all, of the named defendants, the complaint lacks essential facts for several of the claims plaintiff is attempting to raise, and therefore theses claims are subject to dismissal.

Nevertheless, the Court will permit plaintiff to file an amended complaint with respect to the specific claims indicated below, *see Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"), if, after careful consideration, plaintiff believes that he can state a cognizable claim on each issue.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287

(2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that several of plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), unless plaintiff files an amended complaint as directed below. Plaintiff is advised that the Court will also review the amended complaint pursuant to 28 U.S.C. § § 1915 and 1915A.

A.  **Excessive Force Claim**

Plaintiff alleges that in either May or June of 2003[1] as he was exiting the shower, several officers – C.O. Jayne, C.O. Coleman, C.O. Pierson, C.O. Vandergrift – assaulted him. He claims that Sergeant Raub watched the others, but did not make them stop. He alleges that C.O. Stamp (who is not named as a defendant) then asked Sergeant Wetzel if this is "how you wanted him to look?" and threw plaintiff back into the shower. He claims that he suffered broken fingers and other injuries, but that Nurse Peters (who is not named as a defendant) only cleaned him up to make the injuries appear minor in the photographs. He claims that officials waited until July 11, 2003 to take him to an outside facility for x-rays.

---

[1]At different points in the complaint, plaintiff places the assault on May 31, 2003 and on June 31, 2003.

Affording plaintiff's complaint the liberal reading due pleadings filed by *pro se* litigants, Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court finds that these allegations are sufficient to state an Eighth Amendment claim against these defendants.

**B.     Eighth Amendment Claims to be Amended**

Plaintiff complains of three sets of circumstances that implicate Eighth Amendment medical concerns, but none of the allegations are sufficient to state a claim. A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that defendant was deliberately indifferent to a plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976);  *and see Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Brock v. Wright*, 315 F.3d 158 (2d Cir. 2003); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). *See also Ross v. Kelly*, 784 F.Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir. 1992). "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)). For the deliberate indifferent component, plaintiff must allege that the defendant had a culpable state of mind and intended wantonly to inflict pain. *See Wilson v. Seiter,* 501 U.S. 294, 298-99 (1991); *DesRosiers v. Moran,* 949 F.2d 15, 19 (1st Cir.1991); *Ross v. Kelly,* 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd,* 970 F.2d 896 (2d Cir.), *cert. denied,* 506 U.S. 1040 (1992).

An isolated failure to provide medical treatment, without more, is generally not actionable unless "the surrounding circumstances suggest a degree of deliberateness, rather than inadvertence, in the failure to render meaningful treatment." *Gil v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987). Negligence, even if it constitutes medical malpractice, which the Court does not believe the current

allegations establish, does not, without more, establish a constitutional claim. *See Estelle*, 429 U.S. at 105-06; *and see Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (mere negligence on the part of state officials is a state court tort claim, and not actionable under § 1983).

Thus, in addressing each of the three complained-of circumstances, plaintiff must name or identify the defendant or defendants involved in each claim, describe the particular serious medical need, describe what each defendant did or failed to do, and allege that the defendant had a culpable state of mind and intended wantonly to inflict pain. Specifically, plaintiff claims that he has not been provided his partial dental plates, and his mouth is suffering for the lack of dental care. These allegations suggest a serious medical condition that has been ignored, and that the condition has worsened as a result. Nevertheless, plaintiff does not name or identify the defendant or defendants whom he claims are responsible. Therefore, in addition to re-stating the facts he alleged in his original complaint, plaintiff needs to provide the name or otherwise identify the defendant whom he claims was deliberately indifferent to his dental needs, and establish some personal involvement of that person concerning the dental problems.

Plaintiff's allegations regarding his need for special footwear do not state a claim. While plaintiff identifies the defendants to this claim, Dr. Alves and C.O. Blow, the allegations are not clear and detailed enough to establish that plaintiff had a serious medical need and that either Dr. Alves or C.O. Blow were deliberately indifferent to that need. Plaintiff states that Dr. Alves examined his foot because plaintiff requested special footwear due to an earlier surgery. Plaintiff asserts that further examination was necessary before ordering the shoes. He claims that Dr. Alves issued boots for plaintiff without waiting for the follow-up examination. Plaintiff claims that the boots caused him pain. Eventually, after he made several requests, Nurse Grim approved sneakers for plaintiff,

and told him to turn in the boots. When plaintiff attempted to trade in the boots for sneakers, however, C.O. Blow would not allow it. C.O. Blow told plaintiff that the approval for the change had to come from the doctor. Plaintiff contends that he has complained about his pain to three area sergeants, but that no one has helped him.

It is not clear whether plaintiff is claiming that Dr. Alves violated his Eighth Amendment rights by prematurely ordering the boots (which may not amount to more than negligence) or claiming that he suffered subsequent lack of medical care when the prescribed treatment was insufficient and that this on-going lack of care was deliberately indifferent. Additionally, it is not clear what role C.O. Blow played in medical decisions or availability of treatment. In amending this claim, plaintiff will need to:

- describe the nature of his medical need including what injury, pain or deterioration he suffered as a result of lack of medical attention;

- describe more fully what Dr. Alves' and C.O. Blow's did or failed to do with respect to plaintiff's foot and the need for special footwear;

- describe what happened as a result of defendants actions or inactions with respect to the medical issues concerning his foot – including whether he requested any follow-up care from Dr. Alves or the staff doctors

The claim about plaintiff's foot problems may only proceed if plaintiff clearly sets forth in an amended complaint what he claims happened – including who did what, when each event occurred, and what happened as a result of the defendant's act or failure to act or acts.

Plaintiff's third medical allegation, that he suffers from dry skin from chemicals in the water, is set forth in a single sentence that does not adequately address any of the requirements for pleading an Eighth Amendment medical claim. He does not allege that he has requested medical treatment. Indeed, he has not given any indication that the condition rises to the level of a constitutional

concern. Plaintiff does not state who he claims is involved, what serious medical need is claimed, and whether there is any deliberate indifference to his medical claim. For all of these reasons, this claim is deficient. Nevertheless, because plaintiff is permitted to amend the other claims, he may also attempt to provide sufficient facts to support this claim as well.

**C.     Retaliation Claims**

Plaintiff states that he filed grievances and complaints regarding his medical treatment, without receiving satisfaction. He suggests that because he has complained, his medical problems are ignored. Moreover, plaintiff claims that C.O. Blow subjected him to cell searches on February 7, 2003 and March 27, 2003 in retaliation for the grievances. Additionally, plaintiff alleges that on April 2, 2003 he began to request a bed-side visit with his grandmother, whom he had been informed was dying. Superintendent McGinnis denied the requests without justification. On May 29, 2003 plaintiff's mother told him that his grandmother had died. His request to be permitted to attend the funeral was also denied. He claims that he was wrongfully denied permission for the trips because of his complaints and grievances.

The complained-of events do not, in and of themselves, give rise to independent constitutional claims.[2] Therefore, plaintiff's allegations are evaluated as retaliation claims. The breath of plaintiff's allegations – challenging virtually all of the treatment he received at Southport

---

[2]It is well-settled that the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. *See, e.g.*, *Hudson v. Palmer*, 468 U.S. 517, 527-528 (1984). Grievance procedures are the internal procedures and requirements of the Department of Correctional Services, and as such, prison inmates do not have a constitutionally protected right to a grievance procedure. *See, e.g.*, *Jones v. North Carolina Prisoners Labor Union*, 433 U.S. 119, 138 (1977) (Burger, J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, as a general rule, there is not a federal right to have grievance procedures properly administered. *See Ramirez v. Holmes*, 921 F.Supp. 204, 208 (S.D.N.Y. 1996). Finally, in general, courts in this district and this circuit have held that attending a relative's funeral is not a constitutionally protected right under § 1983. *See Tabb v. Johnson*, 98-CV-6434Fe (W.D.N.Y. 1998); *Verrone v. Jackobson*, 1999 WL 163197 (S.D.N.Y. 1999); *Green v. Coughlin*, 1995 WL 498808 (S.D.N.Y. 1995).

from his arrival until July 2003 – makes the retaliation claims far too speculative to survive as pleaded. *See Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987); *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983). Nevertheless, the court will afford plaintiff an opportunity to amend these allegations to make clear when he made complaints or filed specific grievances about particular events and/or defendants, and when the alleged retaliation arose in response to such complaints and grievances.

To state a retaliation claim under § 1983, "a plaintiff must show that: (1) his actions were protected by the Constitution or federal law; and (2) the defendant's conduct complained of was in response to that protected activity." *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000) (internal quotation and citation omitted). As to the second prong, a prisoner alleging retaliation must show that the protected conduct was "a substantial or motivating factor" behind the alleged retaliatory conduct. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). Plaintiff should include any specific allegations available to him to support his contention that the actions were done in response to his attempts to obtain relief. Plaintiff should demonstrate the relationship between his efforts to obtain relief and the specific response of particular defendants. Evidence that can lead to an inference of improper motive includes: (1) the temporal proximity of the filing of a grievance and the alleged retaliatory act; (2) the inmate's prior good disciplinary record; (3) vindication at a hearing on the matter; and (4) statements by the defendant regarding his motive for disciplining plaintiff. *See Colon v. Coughlin*, 58 F.3d 865, 872-73 (2d Cir. 1995).

**D.   Visitation Claims**

It is not inconceivable that plaintiff could provide allegations that prison officials, with the intent to cause him psychological distress, denied him leave that is "otherwise available" to attend

a relative's funeral, and that "such conduct ... constitute[s] cruel and unusual punishment and therefore provide a claim for relief under section 1983." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). *See also Thomas v. Farley*, 31 F.3d 557, 559 (7th Cir. 1994) ("[W]e may assume without having to decide that if the granting of such leave were customary and prison officials denied it on a particular occasion or to a particular prisoner in order to cause psychological distress, or with deliberate indifference to his mental health, this would state a claim for relief."). Therefore, if plaintiff can provide additional factual allegations to establish a claim that defendant denied plaintiff's request with the mental state required for an Eighth Amendment violation, such a claim may be sufficient to survive initial review under 28 U.S.C. § 1915. Accordingly, to the extent that such a claim is supported by the facts, and if plaintiff so chooses, he may include such an Eighth Amendment claim in the amended complaint.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, several of plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **November 14, 2005** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. If plaintiff fails to file an amended complaint as directed, the medical, retaliation and visitation claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and service of the remaining claim on the remaining defendants shall be directed.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International*

*Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants for each claim so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint <u>only</u> as directed above[3] by **November 14, 2005**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **November 14, 2005**, the medical, retaliation and visitation claims are dismissed with prejudice without further order of the Court and the Clerk of the Court shall terminate defendants Superintendent McGinnis and Dr. Alves as parties to this action;

FURTHER, that in the event plaintiff has failed to file an amended complaint by **November 14, 2005**, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon defendants CO. Jayne, C.O. Coleman, C.O. Pierson, C.O. Blow, C.O. Vandergrift, Sergeant Raub and Sergeant Wetzel, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

---

[3]Plaintiff is reminded that he must also <u>include</u> in this amended complaint his excessive force claims ; because the amended complaint will become the sole complaint in the action, it is the only complaint which will be served on the parties. Failure to include these claims in it means that they are not preserved for service on the defendants.

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED:   October 4, 2005
         Rochester, New York